

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-89,632-01

**EX PARTE JEFFREY MARLON PETERSEN, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1263316-A IN THE 180TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault against a public servant and sentenced to sixty years' imprisonment. The First Court of Appeals affirmed his conviction. *Petersen v. State*, No. 01-11-00740-CR (Tex. App.—Houston [1st Dist.] June 7, 2012) (not designated for publication).

Applicant contends, among other things, that trial counsel failed to investigate Exhibit 23,

a surveillance video,[1] and use it to impeach the complainant's and Officer Alexander's testimony. Applicant also contends in a supplemental ground that counsel failed to obtain the records from a taser gun used in his case. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to the above claims. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings of fact and conclusions of law as to whether counsel was deficient for not investigating Exhibit 23 and taser-gun records and using them as impeachment evidence. The trial court shall also make findings and conclusions as to whether Applicant was prejudiced by counsel's alleged deficient conduct. The trial court shall also make any other findings and conclusions that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

---

[1] According to Applicant, this was not a video from a dash camera.

be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: April 3, 2019
Do not publish